**MANILA TRADING & SUPPLY COMPANY (GUAM), Inc., Appellant,**

v.

**A. G. MADDOX, Appellee.**

**No. 18671.**

United States Court of Appeals
Ninth Circuit.
July 13, 1964.
Rehearing Denied Sept. 8, 1964.

Walter Ferenz, W. Scott Barrett, Howard G. Trapp, Barrett, Ferenz & Trapp, Agana, Guam, for appellant.

Harold W. Burnett, Atty. Gen., Richard D. Magree, Deputy Atty. Gen., Fred E. Bordallo, Asst. Atty. Gen., Guam, for appellee.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

MERRILL, Circuit Judge.

This action was brought by appellant in the District Court of Guam against appellee as Guam's Commissioner of Revenue and Taxation for recovery of gross receipts tax in the sum of $766.69, claimed to have been erroneously paid. Appellee counterclaimed for the recovery of additional tax in the sum of $182.72. Judgment of the district court was in favor of appellee, both in the main action and on the counterclaim, and this appeal followed pursuant to 28 U.S.C., § 1294 (4).

Section 19541.01, Government Code of Guam, levies a tax of 2 per cent of gross proceeds of sale upon every person engaging within Guam in the business of selling any tangible property.

Appellant is engaged in the merchandising business in Guam. It contends that the transactions upon which the tax in question was imposed were in foreign commerce, and that to measure its tax obligation by the proceeds of such sales is to burden foreign commerce in violation of the Commerce Clause, which grants to Congress the power to regulate interstate and foreign commerce.

The transactions in question were sales of automobile and truck parts to a purchaser located in the Philippine Islands. The stipulated facts are that these sales " * * * were negotiated for and completed in Guam. The specific items were appropriated to the contract and title to the merchandise passed on Guam, but delivery was to be made to the Philippines. The billing by * * * the seller, included all freight, handling, shipping and delivery charges which were to be borne by the purchaser."

In our judgment, appellant's contentions are well taken. Irrespective of the point at which title passed, the sales were to a foreign customer and it was substantially certain that they would be shipped abroad rather than delivered within Guam. Thus these were sales in foreign commerce. Adams Mfg. Co. v. Storen (1938) 304 U.S. 307, 58 S.Ct. 913, 82 L.Ed. 1365. A state gross receipts tax upon such transactions is prohibited by the Commerce Clause. Freeman v. Hewit (1946) 329 U.S. 249, 67 S.Ct. 274, 91 L.Ed. 265; Adams Mfg. Co. v. Storen, supra; Crew Levick Co. v. Pennsylvania (1917) 245 U.S. 292, 38 S. Ct. 126, 62 L.Ed. 295.

Appellee contends that the tax is not levied upon sales as such but on appellant's privilege of doing business in Guam; that the gross receipts simply formed the measure of the tax. The title of the subchapter imposing the tax (Govt.Code, Title XX, Chapter 6, Subchapter B) is simply "Gross Receipts Taxes." Then follows § 19540:

"Levy. There is hereby levied and shall be assessed and collected monthly privilege taxes against the persons on account of their businesses and other activities in Guam measured by the application of rates against values, gross proceeds of sale or gross income, as the case may be."

Section 19541 provides:

"Rates. The following rates shall apply in computing, assessing and

collecting the gross receipts tax: * * *."

Section 19541.01 provides:

"Tax on the Business of Selling Tangible Personal Property. Upon every person engaging or continuing within Guam in the business of selling any tangible property whatsoever * * * a tax equivalent to two per cent (2%) of gross proceeds of sales."

■ A tax directly imposed upon the gross receipts of foreign sales cannot, however, be saved by terming it a tax on the privilege of making those sales. The burden is no less direct. American Mfg. Co. v. St. Louis (1919) 250 U.S. 459, 39 S.Ct. 522, 63 L.Ed. 1084, is distinguishable. There, what was taxed was the business of manufacturing. The tax was based upon the value of the manufactured articles as measured by their sale price. As was there made clear, the local manufacturing of articles can be taxed locally, irrespective of the fact that the articles so manufactured are to be sold in interstate or foreign commerce.

■ Where the business that is licensed is that of making sales, however, a license fee measured by the gross receipts of sales is a direct tax upon those sales. As stated in Freeman v. Hewit, supra, 329 U.S. at page 256, 67 S.Ct. at page 278:

" * * * a seller State has various means of obtaining legitimate contribution to the costs of its government, without imposing a direct tax on interstate sales. While these permitted taxes may in an ultimate sense, come out of interstate commerce, they are not, as would be a tax on gross receipts, a direct imposition on that very freedom of commercial flow which for more than a hundred and fifty years has been the ward of the Commerce Clause."

We conclude that as respects appellant's sales to its customer in the Philippines, Guam's gross receipts tax cannot constitutionally be applied.

Appellee's counterclaim was for taxes on commissions received by appellant in 1959, 1960 and 1961 for negotiating, on behalf of a seller in the United States, sales of automobiles to Guam buyers.

■ Appellant attacks the judgment on this counterclaim as having been rendered in violation of §§ 19503.0101–0102 of the Government Code of Guam, which requires that before taking legal action to collect delinquent taxes the Commissioner must give written notice of the assessment and wait thirty days thereafter.

Appellee concedes that such notice was not given here, but asserts that this requirement need not apply to a situation such as we have here where the Commissioner is being sued for a refund. The statute, he states, is not explicit on the subject and is thus subject to interpretation by the Guam courts, which interpretation we should accept unless it is manifestly in error.

The District Court did not discuss the matter, confining its opinion to the merits of the counterclaim.

In our judgment the Commissioner here is clearly taking legal action, contrary to the Guam Code. The fact that legal action has been taken against him on another matter is no justification for such disregard. Under Guam law the function of the requirement of a notice of assessment and thirty-day waiting period is more than merely to give the taxpayer notice of an allegedly delinquent tax obligation and of threatened legal action. Guam Govt.Code, § 19504, provides that if the taxpayer is "aggrieved" by the assessment he shall have the right within thirty days of notice of the assessment to request an informal hearing before the Commissioner. The Commissioner must then grant the hearing and the taxpayer may submit relevant data. The Commissioner must file a written decision within thirty days from the date of completion of the hearing, and in this decision he may make adjustments in the assessment or abate it. Guam Govt. Code, § 19505. A taxpayer's right to avail himself of this procedure would be lost if the Commissioner could by-pass

the notice of assessment and waiting period and instead make his first assertion of a delinquent tax obligation in a counterclaim seeking recovery of the tax.

Upon both the complaint of appellant and the counterclaim of appellee, judgment is reversed.