**DUTY FREE SHOPPERS LIMITED, a Corporation, Petitioner**

v.

**TAX COMMISSIONER, Government of Guam, Respondent**

Civil No. 1023-75

Superior Court of Guam

July 2, 1976

ABBATE, *Judge*

## DECISION

Petitioner regularly made a motion for summary judgment in its favor on the ground that there is no genuine issue as to any material fact and that it is accordingly entitled to a judgment as a matter of law. Extensive oral argument was held on two occasions and the parties submitted numerous and detailed briefs. In addition, upon oral argument respondent requested and was granted permission to supplement its original submissions by depositions, answers to interrogatories, and further affidavits in accordance with Superior Court of Guam Rule of Civil Procedure 56(e). Respondent has not set forth any specific facts showing that there is a genuine issue for trial of the following material facts.

Petitioner is engaged on Guam in the business of selling at retail various types of merchandise. Petitioner has the exclusive right to sell liquor, tobacco products, and other merchandise at the International Air Terminal (the "Air Terminal") and the exclusive right to sell all such products anywhere on Guam for delivery at the Air Terminal.

No liquor or tobacco is delivered to a purchaser except in the sterile area of the Air Terminal. Either the liquor and tobacco is loaded in the belly of the aircraft for claim by the purchaser at his ultimate destination, or it is handed to him in the boarding process shortly before he departs Guam. The liquor and tobacco is delivered for the sole purpose of exporting it from Guam.

Petitioner pays gross receipts taxes on all sales made to customers at petitioner's shops located other than at the Air Terminal, except sales of liquor and tobacco, delivery of which is made to the Air Terminal.

Petitioner was assessed additional gross receipts taxes in the amount of $253,996.70 for 1973. Of this amount, gross receipts taxes attributable to liquor and tobacco sales are

$153,022.91. Petitioner was also assessed additional gross receipts taxes in the amount of $270,876.18 for 1974. Included within this amount is $211,352.05 for sales of liquor and tobacco.

 Guam's gross receipts tax is a privilege tax which may not legally be applied to interstate or foreign commerce. *Colonial Pipeline Co. v. Traigle,* 421 U.S. 100 (1975); *Manila Trading & Supply Co. (Guam) v. Maddox,* 335 F.2d 150 (9th Cir. 1964). Petitioner's sales and delivery of liquor and tobacco are in the flow of interstate and foreign commerce and are protected by the Constitution. See *Manila Trading & Supply Co. (Guam),* supra; *Hostetter v. Idelwild Bon Voyage Liquor Corp.,* 377 U.S. 324 (1964); *Epstein v. Lordi,* 261 F.Supp. 921 (D.N.J. 1966); *Ammex Warehouse Co. v. Dep't of Alcoholic Bev. Con.,* 224 F.Supp. 546 (S.D. Cal. 1963). Accordingly, so much of the assessment in each of the years 1973 and 1974 that is attributable to sales of liquor and tobacco is unconstitutional and must be abated.

 Included within the aggregate amount of the assessment for 1973 is the sum of $29,369.08 which was disallowed by respondent as a tax credit on tobacco tax admittedly paid by petitioner's distributors. Petitioner is entitled to the drawback. Respondent has failed to set forth any specific facts to support its allegation that petitioner has not satisfied the requirements of Section 19592 of the Government Code of Guam. On the contrary, it is clear that both the purpose and specific requirements of the section have been complied with. The petitioner is entitled to a tobacco tax drawback in the amount of $29,369.08, and the assessment for 1973 should be further abated accordingly.

While as to all sales of liquor and tobacco and the tobacco tax drawback there is no genuine issue as to any material fact and petitioner is entitled to a judgment as a matter of law, issues of fact do exist with regard to sales other than

liquor and tobacco made by petitioner and these should not be decided on a motion for summary judgment. Accordingly, so much of petitioner's motion for summary judgment as relates to any sales other than liquor and tobacco is denied.